UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**WALTER BOASSO, ET AL.**                            CIVIL ACTION

**VERSUS**                                           **No. 06-9943**

**TRAVELERS INDEMNITY COMPANY**                      SECTION: I/3
**OF AMERICA, ET AL.**


<u>ORDER AND REASONS</u>

The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Walter and Cynthia Boasso.  Defendants in this matter are Standard Fire Insurance Company[1] ("Standard Fire") and Powell Insurance Agency, Inc. ("Powell").

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20,

---

[1] Plaintiffs' complaint improperly identified the defendant insurer as Travelers Indemnity Company of America.  Rec. Doc. No. 13, p. 1.

2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[2] The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully

---

[2]The Court notes that, on the facts of this case, defendants have failed to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). This Court has previously addressed the substantive legal arguments raised here. *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact. *Id.* at *5. Since this Court must resolve substantive issues of contested fact in plaintiffs' favor, *id.* at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond*, there is a reasonable basis to predict that plaintiffs might be able to recover against Powell. *See id.* at *6. In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage." *Id.* (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)). Here, plaintiffs allege that their agent failed to advise them of the availability of excess flood insurance and informed them that no additional flood insurance was available. *See* Affidavit of Robert Showalter in Support of Motion for Remand.

Finally, this Court's analysis of the *Tapscott* improper joinder argument in *Richmond* is equally applicable here. *Id.* Defendants have failed to prove improper joinder on that basis and the Court, therefore, lacks jurisdiction over this matter.

written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[3] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, January __9th__, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[3] Rec. Doc. No. 8.